UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARLOS A. MCGREW (#413135)

VERSUS                                              CIVIL ACTION

DONALD BARR, ET AL                                  NUMBER 10-272-JVP-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 6, 2010.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARLOS A. MCGREW (#413135)

VERSUS                                              CIVIL ACTION

DONALD BARR, ET AL                                  NUMBER 10-272-JVP-SCR


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 14. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Donald Barr, Carol Gilcrease, Diane Peabody, Dr. William Reinbold, Dr. Katie Ard and Dave Ankenbrand. Plaintiff amended his complaint to add Melissa Broussard as a defendant.[2] Plaintiff alleged that he was denied adequate mental health treatment in violation of his constitutional rights.

Defendants moved to dismiss the complaint for failure to state

---

[1] Record document number 20. Plaintiff's opposition to the defendants' motion addressed claims not raised in his original and amended complaints. Because the plaintiff's opposition was not filed within the time allowed by Rule 15(a)(1)(B), Fed.R.Civ.P., it shall not be treated as an amendment to the complaint.

[2] Record document number 13. At the time the defendants filed their motion, Broussard had not been served with the summons and complaint and she did not participate in the defendants' motion to dismiss.

a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

## Applicable Law

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978); *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Factual Allegations

Plaintiff alleged that he suffers from clinical depression, anxiety, schizophrenia, impulse control disorder, antisocial personality disorder and borderline personality traits. Plaintiff alleged because of his various mental illnesses, he engages in self-mutilation and loses self-control. Plaintiff alleged that on May 1, 2006, he was transferred to Hunt Correctional Center (HCC) for evaluation and treatment by the mental health department. Plaintiff alleged that while confined at HCC, he was assigned to a mental health unit. Plaintiff alleged that on December 17, 2008, he was transferred back to Angola and was assigned to Camp J rather than a mental health unit.

Plaintiff alleged that he sent letters to the mental health department on January 2, 5, 6, 8 and 14, and February 27, 2009, complaining of his suicidal tendencies, complaining about symptoms

he was experiencing, complaining that he was not being evaluated, that mental health personnel were obviously falsifying documents and fabricating evidence, and that he was being ignored and denied treatment. Plaintiff alleged that he did not receive a response to his letters.

Plaintiff alleged that on March 5, 2009, he sent Dr. Ard a letter advising her that he believed he was on the verge of snapping and requested treatment. Plaintiff alleged that the next day he sent Gilcrease a letter advising that he feared he might commit suicide. Plaintiff alleged that on March 23, he sent Dr. Reinbold a letter requesting that his medications be modified. Plaintiff alleged that his requests were ignored.

Plaintiff alleged that on April 1, 2009, he was sexually assaulted. Plaintiff alleged that on April 3, he notified Ankenbrand of the sexual assault. Plaintiff alleged that although Ankenbrand notified security personnel of the alleged incident, he did not notify a victim support person or provide the plaintiff with any further mental health counseling. Plaintiff alleged that he did not receive a response to his requests for counseling and literature on coping with sexual assaults.

Plaintiff alleged that on June 23, 2009, he attempted to commit suicide. Plaintiff alleged that he was discovered by prison personnel and was taken to the prison hospital where he received treatment. Plaintiff alleged that following the incident, he was

placed on suicide watch and put in four-point restraints for one to two weeks.

Plaintiff alleged that while he was placed in four-point restraints, he was confined in a cold, locked room, virtually naked, chained to an iron bunk, and occasionally was denied food and liquids and routine bathroom and shower privileges.

Plaintiff alleged that although he advised mental health personnel that he was still suicidal, his status was downgraded and he was returned to his housing unit. Plaintiff alleged that upon return to his housing unit, he self-mutilated.

Plaintiff alleged that after he self-mutilated, he was once again placed on suicide watch/four point restraint for another one to two week period. Plaintiff alleged that he continued to express a desire to harm himself to mental health personnel. Plaintiff alleged that his status was once again downgraded and he was returned to his housing unit.

Plaintiff alleged that after being returned to his housing unit he attempted to commit suicide and was placed back on suicide watch/four point restraints. Plaintiff alleged that mental health personnel used torture tactics to punish him for refusing to agree to be taken off suicide watch. Plaintiff alleged that when he complained to Gilcrease and Peabody about the alleged mistreatment, he was told that he would continue to suffer until he came off of suicide watch.

**Analysis**

**Deliberate Indifference - Before Suicide Attempts**

**Dr. Katie Ard and Carol Gilcrease**

Plaintiff alleged on March 5 and 6, 2009, he sent letters to Dr. Ard and Gilcrease requesting mental health treatment. Plaintiff alleged that he advised the defendants he feared he would harm himself and on June 23 he attempted to commit suicide. Plaintiff alleged that his requests for treatment in advance of his suicide attempt were ignored.

Plaintiff's allegations that Dr. Ard and Gilcrease were deliberately indifferent to his serious mental health needs are sufficient to state a claim upon which relief can be granted.

**Dr. William Reinbold**

Plaintiff alleged that on March 23, he sent Dr. Reinbold a letter requesting that his medications be modified. Plaintiff alleged that Dr. Reinbold did not respond to his letter.

Plaintiff's dissatisfaction with the medications prescribed or Dr. Reinbold's unwillingness to modify the plaintiff's medications does not rise to the level of a constitutional violation.

**Dave Ankenbrand**

Plaintiff alleged that on April 1, 2009, he was sexually assaulted.[3] Plaintiff alleged that on April 3, he declared himself

---

[3] In another case pending in this court the plaintiff alleged
(continued...)

a mental health emergency and requested to see a member of the mental health staff.  Plaintiff alleged that Ankenbrand conducted a counseling session in which the plaintiff confided that he had been sexually assaulted.  Plaintiff alleged that following the counseling session, Ankenbrand reported the alleged incident to security personnel but provided no further counseling to the plaintiff related to the alleged incident.  Plaintiff alleged that a victim support person was not appointed and no referrals were made.

Ankenbrand responded to the plaintiff's request for mental health counseling following the alleged sexual assault.  Plaintiff's dissatisfaction with the counseling provided or the failure to do more does not rise to the level of a constitutional violation.

### Deliberate Indifference - After Suicide Attempts

As set forth above, the plaintiff alleged that on June 23,

---

³(...continued)
that on April 1, 2009, correctional officers conducted a cell entry to extract the plaintiff from his cell.  Plaintiff alleged that during the cell entry, correctional officers beat him without provocation and one officer **attempted** to sodomize him through his jumpsuit with a brown stick.  *Carlos McGrew v. Dr. Jonathan Roundtree, et al*, CV 09-859-RET-CN, record document number 1, p. 4, Statement of Facts ¶ 4 (emphasis added).

A court may take judicial notice of the record in prior related proceedings.  *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983).  For the limited purpose of clarifying facts regarding the alleged sexual assault, the court hereby takes judicial notice of the complaint in CV 09-859-RET-CN.

2009, he attempted to commit suicide by hanging, he was administered medical treatment and was then placed on extreme suicide watch in four-point restraints for one to two weeks. Plaintiff alleged that although he advised mental health personnel that he was still suicidal, his status was downgraded and he was returned to his housing unit.  Plaintiff alleged that upon return to his housing unit, he self-mutilated.  Plaintiff alleged that after he self-mutilated, he was once again placed on suicide watch/four point restraint for another one to two week period. Plaintiff alleged that he continued to express a desire to harm himself to mental health personnel.  Plaintiff alleged that his status was once again downgraded and he was returned to his housing unit.  Plaintiff alleged that after being returned to his housing unit he attempted to commit suicide and was placed back on suicide watch/four point restraints.

Plaintiff claimed that the defendants were deliberately indifferent to his serious mental health needs by releasing him from suicide watch prematurely.

Plaintiff's allegation that the defendants erred in downgrading his mental health status is insufficient to state a claim upon which relief can be granted.  As previously noted, unsuccessful medical treatment does not support a § 1983 cause of action.  Nor does negligence, neglect or medical malpractice rise to the level of a constitutional violation.

**Unconstitutional Conditions of Confinement**

Plaintiff alleged that he was subjected to unconstitutional conditions of confinement while on suicide watch and four point restraints.  Specifically, the plaintiff alleged that he was confined in a cold, locked room, virtually naked, chained to an iron bunk, and occasionally was denied food and liquids and routine bathroom and shower privileges.  Plaintiff alleged that mental health personnel used these alleged torture tactics to punish him for refusing to agree to come off of suicide watch.  Plaintiff alleged that when he complained to Gilcrease and Peabody about the alleged mistreatment, he was told that he would continue to suffer until he came off of suicide watch.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions of confinement.

**Respondeat Superior**

Plaintiff named Warden Barr and Melissa Broussard as defendants but made not factual allegations regarding their participation in any of the event he alleged.

Plaintiff's allegation that Warden Barr is responsible for the

actions of his subordinates is insufficient to state a claim under § 1983.

Broussard was not included in the motion to dismiss. Nonetheless, because the plaintiff made no factual allegations against Broussard, his claims against her should be dismissed as frivolous.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted in part, dismissing all of the plaintiff's claims except the claim that Dr. Katie Ard and Carol Gilcrease were deliberately indifferent to the plaintiff's serious mental health needs when they failed to provide the plaintiff mental health treatment between March 5, 2009 and June 23, 2009.  It is further recommended that the claims against Melissa Broussard be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(I).

Baton Rouge, Louisiana, October 6, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE