UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLOS A. MCGREW (#413135) | CIVIL ACTION NO. 10-272 |
| VERSUS | JUDGE TRIMBLE |
| DONALD BARR, ET AL | MAGISTRATE JUDGE KIRK |

ORDER

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Donald Barr, Carol Gilcrease, Diane Peabody, Dr. William Reinbold, Dr. Katie Ard and Dave Ankenbrand. Plaintiff amended his complaint to add Melissa Broussard as a defendant.[1] Plaintiff alleged that he was denied adequate mental health treatment in violation of his constitutional rights.

Plaintiff filed a motion to proceed in forma pauperis.[2] On April 26, 2010, the plaintiff's motion to proceed in forma pauperis was granted.[3]

Section 1915 of Title 28 of the United States Code provides in pertinent part the following:

---

[1] Record document number 13. At the time the defendants filed their motion, Broussard had not been served with the summons and complaint and she did not participate in the defendants' motion to dismiss.

[2] Record document number 2.

[3] Record document number 3.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g), as amended.

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) § 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of § 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can

2

be granted.[4]  Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury.  Plaintiff's claims do not fall under the exception.

Therefore;

IT IS ORDERED that the plaintiff's in forma pauperis status REVOKED.

IT IS FURTHER ORDERED that the plaintiff is granted 20 days from the date of this order to pay the court's filing fee in the amount of $350.

Alexandria, Louisiana, January 11, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[4] A list of cases and appeals dismissed as frivolous or for failure to state a claim include: *Carlos McGrew v. Richard L. Stalder, et al,* CV 00-727-RET-SCR (M.D. La.); *Carlos McGrew v. Dr. Jonathan Roundtree, et al*, CV 09-859-RET-CN (appeal dismissed as frivolous); and, *Carlos McGrew v. Warden Nathan Burl Cain, et al*, CV 09-1019-JVP-SCR (appeal dismissed as frivolous).