UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| CARLOS A. MCGREW | : | DOCKET NO. 3:10-272 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| DONALD BARR, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING AND ORDER

Before the court is a "Statement of Appeal Pursuant to LR 74.1W Filed on Behalf of Defendants Ard and Gilcrease" (R. #67) wherein these defendants seek to reverse the Magistrate's order[1] which reinstated plaintiff's pauper status. On January 11, 2011, the Magistrate Judge revoked his prior order which granted plaintiff *in forma pauperis* status based upon 28 U.S. § 1915 because plaintiff had three strikes against him for filing frivolous lawsuits.[2] Pursuant to plaintiff's motion to reconsider,[3] the Magistrate subsequently rescinded his prior revocation and reinstated plaintiff's *in forma pauperis* status because two of the listed orders of dismissal for frivolousness were entered subsequent to the filing of this action.[4]

Defendants Ard and Gilcrease maintain that the revocation of plaintiff's pauper status is appropriate under Fifth Circuit jurisprudence and was within the discretion of the court. Defendants argue that plaintiff has abused his pauperis privilege by filing multiple frivolous lawsuits and

---

[1] See R. #60.

[2] R. #52.

[3] R. #57.

[4] R. #60.

accumulating three strikes under the Prison Litigation Reform Act ("PLRA"). Defendants further seek an immediate stay of these proceedings pending the running of the time delays to the U.S. Supreme court, if the court otherwise deems that necessary and appropriate under the circumstances.

The instant lawsuit was filed on April 21, 2010 contemporaneously with a motion to proceed *in forma pauperis* ("IFP") which was subsequently granted on April 26, 2010.[5] Defendants submit the following records of the Middle District of Louisiana and the Fifth Circuit to demonstrate their position that plaintiff's pauper status should be revoked.

> (1) <u>Carlos McGrew v. Richard L. Stalder, et al,</u> No. 00-727-RET-SCR - On June 13, 2001, defense motion was granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) dismissing prisoner's civil rights complaint pursuant to 42 U.S.C. § 1997e and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege a physical injury for claimed exposure to environmental tobacco smoke, and for failure to state a federal claim that has any arguable basis in fact or in law under the Eighth and/or Fourteenth amendments.[6]
> (2) <u>Carlos McGrew v. Jonathan Roundtree, et al,</u> No. 09-31206, appeal dismissed on July 20, 2010,as frivolous by U.S. Fifth Circuit Court of Appeals in a *per curiam* decision; court expressly states that dismissal counted as one strike under 28 U.S.C. § 1915(g).[7]
> (3) <u>Carlos A. McGrew v. Burl Cain, et al,</u> No. 10-30645, appeal dismissed as frivolous on December 16, 2010 by U.S. Fifth Circuit Court of Appeals; the court expressly stated that the dismissal counted as one strike under 28 U.S.C. § 1915(g).[8]

28 U.S.C. § 1915 (g) provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

---

[5] R. #1,2, and 3.

[6] Defendants' exhibit 6.

[7] Defendants' exhibit 7.

[8] Defendants' exhibit 8.

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The issue is whether these last two frivolous dismissals from the Fifth Circuit, which both count as strikes against plaintiff, but were rendered after the pending case was filed and IFP status granted, can cause this court to determine that plaintiff's IFP status should be revoked. Defendants maintain that plaintiff accumulated his third strike on December 16, 2010 which should result in plaintiff's IFP status being revoked because there is no credible evidence to suggest any imminent danger or serious physical injury to plaintiff.

Plaintiff cites several cases to support his position that because he did not have three (3) strikes when he filed the lawsuit, he should be allowed to proceed *in forma pauperis*. Defendants remark that the cited cases by plaintiff are unpublished, uncontrolling, and should not be followed. Defendants submit that the word "bring" should not be construed so narrowly given the Fifth Circuit's controlling case law as set forth in Adepegba v. Hammons[9].

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."[10] Section 1915(g) has been deemed to be procedural, and the denial to a prisoner of the privilege to proceed as a pauper simply means that the prisoner has to abide by the same rules that apply to all other litigants in a civil action.[11] Defendants rely on Adepegba wherein the court applied section 1915(g) retroactively to a case filed after the enactment of the statute, and denied plaintiff *in*

---

[9] 103 F.3d 383 (5th Cir. 1996).

[10] Startti v. U.S., 415 F.2d 1115 (5th Cir. 1969); 28 U.S.C. § 1915.

[11] Adepegba, 103 F.3d at 386.

3

*forma pauperis* status because of frequent frivolous filings. In so doing, the court noted the Supreme Court's holding that "because rules of procedure govern secondary conduct rather than primary conduct, applying them to cases pending on their effective date does not violate presumptions against retroactivity."[12] The court further noted that procedural changes have been upheld even where they work to the disadvantage of defendants in pending cases.[13]

In Adepegba, the court made the following analysis:

> Section 1915 is a procedural statute governing the process by which indigent individuals, including prisoners, bring civil actions or appeals in the federal courts. Before amendment, section 1915 allowed qualifying prisoners to bring an action or appeal without prepaying court fees, which are normally in excess of $100. The amended provisions of section 1915(b) allow qualifying individuals to pay the filing fee in installments over time. Although section 1915(g) attaches consequences to past actions, we find that theses consequences are matters of procedure. Section 1915 (g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claims after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures.[14]

The Adepegba court also reasoned that section 1915(g) does not impose new or additional liabilities, but instead requires collection of a fee that was always due and places prisoners on the same footing as every other petitioner in federal court.[15] Finally, the court explained that by adding Section 1915(g), Congress determined that three qualifying dismissals constituted per se abuse of the i.f.p. procedures and that the "three strikes" provision merely codified an existing practice in the courts

---

[12] Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483 (1994).

[13] Id., citing Dobbert v. Florida, 432 U.S. 282, 293-94, 97 S.Ct. 2290, 2298-99 (1977); Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715 (1990); Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68 (1925).

[14] Adepegba, 103 F.3d at 386 (citations omitted).

[15] Id.

4

designed to prevent prisoners from abusing the i.f.p. privilege. As noted by the court, requiring petitioner to pay the filing fee is neither novel nor penal.[16]

Defendants buttress their argument based on 28 U.S.C. § 1915(e)(2)(A) and (B)(ii) which mandates that the court shall dismiss the case *at any time* if it determines that the "allegation of poverty is untrue" or that the action is frivolous or malicious.[17] Defendants argue that to allow plaintiff to continue as a pauper in this action runs afoul of the Congressional intent of the PLRA for "the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file suit."[18]

A dismissal includes those for which an appeal has been exhausted or waived.[19] Plaintiff argues that he has until March 16, 2011 to file a writ application to the U.S. Supreme Court as to the Fifth Circuit's ruling assessing him a strike on December 16, 2010 in Civil Action No. 09-1019.[20] However, defendants submit that plaintiff has not noticed his intent fo file a write application, and considering the decision of the Fifth Circuit, plaintiff can not show that he would present a non-frivolous issue to the U.S. Supreme Court. Defendants assert that should the court determine that the last strike is premature, the court should stay the proceedings until the delays for taking a writ application expire. We do not find it necessary to stay the instant proceeding. The record in Civil

---

[16] Id. at 387.

[17] Defendants also inform the court that the Middle District of Louisiana has revoked plaintiff's *in forma pauperis* status in Civil Action No. 09-1022-RET-SCR; in Civil Action No. 09-859-RET-CN and 10-591-RET-DLD, the court *sua sponte* revoked plaintiff's *in forma pauperis* status. Plaintiff has filed notices of appeal in all of these cases.

[18] Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998).

[19] Id. at 388.

[20] USCA Case No. 10-30645, Carlos A. McGrew v. Warden Burl Cain, et al.

Action 3:09-1019 reveals that plaintiff has not filed for a writ to the United States Supreme Court and the time period for doing so has now lapsed. The court notes that Mr. McGrew is indeed a frequent filer. The EM/CMF record reflects that the following prisoner civil rights lawsuits have been filed by plaintiff in the Middle District:

> (1) Carlos A. McGrew v. Warden Nathan Burl Cain, et al, Civ. Action No. 3:09-1019-JVP-SCR. Case dismissed without prejudice for failure to exhaust available administrative remedies. Cases appealed to Fifth Circuit, but dismissed as frivolous.
> (2) Carlos A. McGrew v. Steve Brentgetsy, et al, Civ. Action No. 3:09-1022-RET-SCR. Case dismissed for failure to pay filing fee after *in forma pauperis* status revoked.
> (3) Carlos A. McGrew v. Joseph Russell, et al, Civil Action No. 3:10-0030-FJP-CN. Case dismissed without prejudice for failure to correct deficiency – either file a motion to proceed *in forma pauperis* or pay the filing fee.
> (4) Carlos A. McGrew v. Cindy Vannoy, et al, Civil Action No. 3:10-538-RET-CN. Case is pending, but *in forma pauperis* status has been revoked. Notice of Appeal filed, but filing fee not paid.
> (5) Carlos A. McGrew v. City of Angola, et al Civil Action No. 3:10-591-RET-DLD. Motion to proceed *in forma pauperis* denied. Complaint dismissed for failure to pay the filing fee. Notice of appeal filed, but dismissed by plaintiff.
> (6) Carlos McGrew v. Warden Rayburin Teer, et al, Civil Action No. 3:07-00702-JVP-DLD. Case dismissed for failure to exhaust administrative remedies.
> (7) Carlos McGrew v. Richard L. Stalder, et al, Civil Action No. 3:00-727-RET-SCR. Case dismissed for failure to exhaust administrative remedies.
> (8) Carlos McGrew v. Dr. Jonathan Roundtree, et al, Civil Action No. 09-859-RET-CN. Case is on appeal for revocation of *in forma pauperis* status.

(9) Carlos McGrew v. Unknown Brown, et al, Civil Action No. 07-0710-FJP-SCR. Report and Recommendation issued recommending that case be dismissed for failure to exhaust administrative remedies. Pursuant to subsequent voluntary motion to dismiss by plaintiff, case is dismissed without prejudice but with prejudice to plaintiff bringing the same charges again in *in forma pauperis* status.
> (10) Carlos McGrew v. Joshua McQueen, et al, Civil Action No. 08-187-FJP-DLD. Case dismissed for failure to properly serve defendants. Notice of Appeal filed.

The court notes also that plaintiff filed a notice of appeal in the instant suit,[21] and subsequently dismissed said appeal.[22] The court finds that plaintiff has at least the three mentioned strikes against

---

[21] R. #58.

[22] R. #69.

him and has indeed abused his privilege to invoke the *in forma pauperis* status based upon the multiple lawsuits filed and the overabundance of dismissals, voluntarily and involuntarily. As stated by the Supreme Court, we do not believe that denying pauper status in anyway impede's plaintiff's access to the courts. However, the record is clear that plaintiff has abused the right to invoke *in forma pauperis* status by filing multiple lawsuits, and having three strike against him, albeit two (2) of which were after he filed the instant lawsuit.

## CONCLUSION

Based on the foregoing, the appeal of the magistrate decision to reinstate plaintiff's *in forma pauperis* status is well taken and the court will reverse that ruling, revoke plaintiff's pauper status, and order plaintiff to pay the filing fee in full. Accordingly, it is

**ORDERED** that the order granting the motion for reconsideration,[23] is hereby **REVERSED** and plaintiff's *in forma pauperis* status is hereby **REVOKED**; plaintiff is granted 30 days from the date of this order to pay the full filing fee in this matter. Failure to pay the fee within the thirty (30) day period will result in this case being stricken from the record.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22 day of March, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[23] R. #60.